IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VERA EASTER, Individually and As Next Friend of JORDAN DELANEY EASTER, a minor, | § § § § | |
| | § | CIVIL ACTION NO. 5:03-CV-141 |
| *Plaintiff,* | § § | |
| V. | § § | Jury |
| | § | Assigned to Judge Ward |
| AMERICAN HOME PRODUCTS CORPORATION, d/b/a WYETH, ET AL., | § § § | |
| *Defendants.* | § § | |

**MOTION OF DEFENDANTS SMITHKLINE BEECHAM CORPORATION, GLAXOSMITHKLINE BIOLOGICALS SA, AVENTIS PASTEUR INC., MERCK & CO., INC. AND ELI LILLY AND COMPANY FOR LEAVE TO CONTINUE THE DEPOSITION OF DR. MARK R. GEIER**

Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline, GlaxoSmithKline Biologicals SA, Aventis Pasteur Inc., Merck & Co., Inc., and Eli Lilly and Company file this Motion for Leave to Continue the Deposition of Dr. Mark R. Geier, and show as follows:

1.

Dr. Mark R. Geier is one of the Plaintiff's principal expert witnesses. Dr. Geier has issued a 51-page report, in which he opines that thimerosal in vaccines generally causes autism. The Defendants, including Defendant Wyeth (f/k/a American Home Products), conducted a deposition of Dr. Geier on November 12, 2004. That deposition was limited to seven hours, pursuant to Rule 30(d)(2), Fed. R. Civ. P. Questioning by counsel for Defendant Wyeth consumed more than 6 hours, and although Wyeth had not completed its questioning, it ceded to the other defendants the remaining few minutes to question Dr. Geier on a few issues of importance to them, leaving each of the remaining defendants only minutes to conduct their examination. Prior to the deposition, Defendants served a request for production of documents

related to Dr. Geier's opinions. Plaintiff did not produce all the documents requested but instead filed a motion to quash. Defendants have filed a response explaining why the Plaintiff's objections are invalid. The Plaintiff's motion and the Defendants' response are presently pending before the Court.

2.

Rule 30(d)(2) generally limits the time for a deposition to 7 hours. However, that Rule also permits the Court to extend the time "if needed for a fair examination of the deponent[.]" The Advisory Committee Notes to the 2000 amendments to Rule 30(d)(2), which added the current time limitation, state that there are a number of circumstances that may justify an extension of time. Among those circumstances are "multi-party cases, [where] the need for each party to examine the witness may warrant additional time," and "with regard to expert witnesses, there may more often be a need for additional time[.]" *See New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, No. Civ. 302CV173PCD, 2003 WL 223266978 (D. Conn Mar. 27, 2003)(citing Committee Notes and granting additional four hours to depose plaintiff's expert, after prior deposition lasting ten hours). Additional time is needed to question Dr. Geier because of the voluminous nature of his 51-page report, his claimed areas of expertise covered by the topics in his report and because of the inability of the Defendants to question Dr. Geier on the documents that have yet to be produced.

3.

Recognizing that additional time was needed to complete the deposition but also recognizing the Rules' limit on deposition time, counsel for GSK and counsel for Plaintiff negotiated an arrangement for the continuation of Dr. Geier's deposition for an additional six hours. This arrangement and the negotiations are set forth in the attached exhibits.[1] All

---

[1] Exhibits 1 – 9, correspondence between parties.

defendants agreed to this arrangement. However, Wyeth's agreement was subject to additional conditions which the Plaintiff found unacceptable. For Wyeth's position, see Exhibit 7, p. 2.[2] For Plaintiff's position, see Exhibit 8. As a result, the Plaintiff is refusing to produce Dr. Geier for any additional deposition proceedings.

4.

The discovery cutoff is set for December 20, 2004. GSK and the other defendants need to complete Dr. Geier's deposition no later than December 14, 2004, so that they can adequately prepare their expert witnesses to address and rebut the claims being made by Dr. Geier.

---

[2] Wyeth's agreement was subject to two conditions: (1) the Plaintiff will agree they will not offer Dr. Geier to testify on matters not disclosed in his Rule 26 expert report and will withdraw any purported "supplementation" referenced in Dr. Geier's cover letter that accompanied the report; and (2) the Plaintiff will not argue that the continuation of Dr. Geier's deposition (or any agreement with the other vaccine manufacturers to do so) is a basis to preclude Wyeth from filing a motion to seek further relief from the Court beyond the next six hours of additional deposition time, including motions to limit the scope of Dr. Geier's testimony, to require him to provide a Report that complies with Rule 26(a)(2)(B), and/or to compel further time to complete Dr. Geier's deposition. The basis for these conditions, according to Wyeth, are, among other things, that Dr. Geier's report is inadequate and that another six hours may not be enough to cover the breadth of disciplines Dr. Geier addresses and the, as yet, undefined nature of those opinions.

WHEREFORE, Defendants pray that the Court enter an order granting leave for an additional six hours to take the deposition of Dr. Mark Geier.

Respectfully submitted,

Winstol D. Carter (with permission by Collin Maloney)

By_____
Otis Carroll
   State Bar No. 03895700
Collin Maloney
   State Bar No. 00794219
Wesley Hill
   State Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway Ave., Ste. 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Winstol D. Carter, Jr.
   State Bar No. 03932950
C. Jason Rother
   State Bar No. 24013423
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Facsimile: 713/651-5246

Stephanie A. Smith
  State Bar No. 18684200
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: 512.474.5201
Facsimile: 512.536.4598

Attorneys for Defendants
SmithKline Beecham Corporation d/b/a
GlaxoSmithKline and
GlaxoSmithKline Biologicals S.A.

## CERTIFICATE OF CONFERENCE

    I hereby certify that counsel for Plaintiff and counsel for GSK have conferred in person and by letter on a number of occasions, as reflected by the substance of the above motion. Although counsel have worked diligently to come to an agreement, an agreement cannot be reached without the Court's assistance.

/s/

_____
Collin Maloney

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure on December 1, 2004, on the following counsel:

Edward Lewis Hohn
Nix Patterson & Roach L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
*and*
Andrew Waters
Waters & Kraus
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
**Counsel for Plaintiffs**

Bradley S. Wolff
Diane Owens
Swift, Currie, McGhee & Hiers, L.L.P.
1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309-3238
*and*
Dennis Chambers
Atchley, Russell, Waldrop & Hlavinka
1710 Moores Lane
P.O. Box 5517
Texarkana, Texas 75505-5517
**Counsel for Defendant**
**Aventis Pasteur Inc. and**

Richard L. Josephson
Paul R. Elliott
Baker Botts L.L.P.
910 Louisiana
Houston, Texas 77002-4995
**Counsel for Defendant**
**Merck & Co., Inc.**

Jeffery A. Kruse
Deborah A. Moeller
Marie S. Woodbury
Shook Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
*and*
M. Scott Michelman
Shook, Hardy & Bacon, L.L.P.
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
*and*
Paul Miller
Miller, James, Miller & Hornsby
1725 Galleria Drive
Texarkana, Texas 75504-2044
**Counsel for Defendant**
**Eli Lilly and Company**

Daniel J. Thomasch
Richard W. Mark
Lauren J. Elliott
Orrick Herrington & Sutcliffe
666 Fifth Avenue
New York, New York 10103
*and*
Michael R. Klatt
Susan Burnett
Clark, Thomas & Winters
P.O. Box 1148
Austin, Texas 78767
*and*
James N. Haltom
Law Offices of James N. Haltom, P.C
6500 N. Summerhill Road
Crown Executive Center, Suite 1A
Texarkana, Texas 75503
**Counsel for Defendant**
**Wyeth (f/k/a American Home Products)**

_____/s/_____
Collin Maloney