IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| VERA EASTER | § | |
| Vs. | § | CIVIL ACTION NO. 5:03-CV-141 |
| AVENTIS PASTEUR, INC., ET AL. | § | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE WITH CONDITIONS

The court grants in part and denies in part the plaintiff's motion for a continuance or, in the alternative, motion for voluntary dismissal without prejudice (#434). Under the facts and circumstances of this case, the court dismisses the case without prejudice. That dismissal is conditioned on the following:

1. Any future suit claiming that Jordan Easter suffered damages caused by thimerosal-containing vaccines shall be filed in the United States District Court for the Eastern District of Texas–Texarkana Division.

2. Simultaneously with the filing of any future suit claiming that Jordan Easter suffered damages caused by thimerosal-containing vaccines, the plaintiff shall file and serve a new expert report on specific causation. This court's ruling with respect to Dr. Bradstreet's opinions as of the date of the *Daubert* hearing in this case shall be deemed law of the case, and any new expert report based on specific causation must be supported by scientific proof developed after the date of this order or not reasonably available to Dr. Bradstreet as of the date of the *Daubert* hearing.

3. Should the plaintiff fail to comply with these conditions, the dismissal shall be with

prejudice.

The court concludes that this disposition is appropriate under the facts and circumstances of this case. A dismissal without prejudice under Rule 41(a)(2) is within the sound discretion of the trial court. *Manshack v. Soutwestern Elec. Power Co.*, 915 F.2d 172 (5th Cir. 1990). As noted in *Manshack*:

> The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

*Manshack*, 915 F.2d at 174 (*citing* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

Never is the court's discretion wider than when the court is dealing with the rights of minor children. This is particularly true where, as here, the science underlying the minor's claims and potential right to relief is evolving. *See In re Agent Orange Product Liability Litigation*, 603 F. Supp. 239, 247-48 (E.D.N.Y. 1985)(dismissing infants' claims without prejudice when there was a possibility that scientific evidence would evolve in the future). The voluminous submissions in support and opposed to the *Daubert* motion attest to the evolving nature of the body of scientific evidence. This is true even considering the plaintiff's theory that the cause of Jordan Easter's co-morbid conditions might be segregated from the cause of his autism and attributed to thimerosal.

The court has carefully considered the arguments in opposition to the plaintiff's request. It is true that this litigation has been expensive. Much of the expense, however, resulted from the fact that this case was the first of many thimerosal cases to be set for trial. The costs incurred are

therefore not indicative of usual litigation expense. It is equally true that, without a specific causation expert, the plaintiff could not prevail at trial. But this argument is valid only to the extent the defendants have a right to insist that the case remain in its current posture. Docket control is within the discretion of the trial court, and the grant of a continuance under these circumstances would be within the court's discretion. The court cannot say that the plaintiff has not been diligent in the preparation of this case. When a minor child is involved, the court's interest in safeguarding the plaintiff's rights is at its highest level. This is particularly true given the scientific nature of this case. As such, the court does not believe that the posture of the case mandates dismissal, if at all, only with prejudice.

The conditions imposed adequately safeguard the defendants' rights. They retain the benefit of having any future case filed in the court with the most familiarity over the dispute. Any future specific causation opinions must be tied to future scientific developments or those which, at a minimum, were not reasonably available to the expert at issue in this case. The defendants also retain the benefit of the court's ruling with respect to Dr. Bradstreet's opinions as they stood at the time of the *Daubert* hearing. The defendants shall have possession of any additional opinions at the beginning of any future case to facilitate the prompt resolution of challenges. What the defendants do not retain is the right to have the case proceed to judgment in its current form under circumstances which indicate that the body of scientific evidence might someday validate the minor's claim. But this is a right they never had, and a dismissal without prejudice with the conditions imposed is appropriate.

This case is dismissed without prejudice on the conditions imposed in this order. All other pending motions are denied as moot.

SIGNED this 29th day of March, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE